IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROMELLE ROSS,

                                                                    OPINION AND ORDER

          Petitioner,

                                                                    16-cv-113-bbc

     v.                                                            06-cr-132-bbc

UNITED STATES OF AMERICA,

          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Romelle Ross has been granted leave by the Court of Appeals for the Seventh Circuit to file a successive motion under 28 U.S.C. § 2255, challenging the sentence he is serving as having been calculated in error. Petitioner was convicted in 2006 of distributing five or more grams of crack cocaine and sentenced as a career offender after the court found that he had two prior convictions, one for a serious controlled substance offense and one for escape. He contends that he is entitled to resentencing as a result of the recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), that the so-called residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. Although he was not sentenced under this particular provision, but under a provision in the sentencing guidelines based on the residual clause, he believes that the holding in Johnson applies to him. If he is correct, he will no longer be considered a career offender under the guidelines and will be eligible for resentencing.

1

Petitioner may be right in predicting that Johnson's holding will be held applicable to sentences imposed under the provision of the sentencing guidelines adopting the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii). Even if he is correct, however, he is procedurally barred from bringing a new challenge to his sentence because he failed to take a direct appeal of his sentence and is unable to show cause and prejudice for this failure. In addition, he has challenged the same claim he wants to raise in this proceeding on numerous occasions in the past. Having done so, he cannot raise the claim again.

RECORD FACTS

In September 2006, petitioner Romelle Ross entered a plea of guilty to a charge of distributing five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced as a career offender to a sentence of 200 months, because he had two prior felony convictions, one for a serious controlled substance offense and one for escape. The drug conviction qualified as a predicate offense for career offender status under § 4B1.2(b); the escape conviction qualified under § 4B1.2(a)(2). At the time, the guidelines read as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*. [The italicized portion is generally referred to as the residual clause.]

2

> b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Petitioner did not take a direct appeal of his sentence, but in 2009, he filed a post conviction motion under 28 U.S.C. § 2255, in which he contended that because his escape conviction was not a crime of violence, he should not have been sentenced as a career offender. Mot. dkt. #30, 06-cr-132. In his motion, he relied on the Supreme Court's decisions in Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009). His motion was timely, but it was dismissed because he had failed to show that either Begay or Chambers applied retroactively to cases that had been closed before these cases were decided. Order, dkt. #6, 09-cv-779-bbc.

In 2010, petitioner filed a letter motion, "Motion/Petition to Redress Grievances as Right Protected by Constitution of USA." Dkt. #10, 09-cv-779 The motion was construed as a successive motion filed pursuant to 28 U.S.C. § 2255 and dismissed because he had not obtained certification from the court of appeals to file a successive motion. Dkt. #11, 09-cv-779. Petitioner filed additional motions attacking his sentence, e.g., dkts. ##12, 20, 27, but these were either denied or dismissed as motions brought improperly under § 2255. He appealed one of them and also appealed an order denying him a certificate of appealability but later dismissed both appeals on his own. He filed two applications with the court of appeals seeking permission to file a successive § 2255 motion.

In November 2015, petitioner applied to the court of appeals to file a successive §

2255 petition in light of the holding in Johnson v. United States, 135 S. Ct. 2551 (2015), that the residual clause in the Armed Career Criminal Act, § 924(e)(2)(B)(ii) was unconstitutionally vague, despite the fact that his sentence was not increased under the Armed Career Criminal Act, but under the sentencing guidelines. This time, the court granted his motion, allowing him to file a successive § 2255 motion. Dkt. #32, 06-cr-132. He has since filed his authorized motion with the help of the federal defender.

OPINION

Although the court of appeals authorized petitioner's motion, it noted that the government had raised a number of defenses. Rather than rule on any of them, it left it to this court to address them "after adversarial testing," which the court of appeals could not accommodate in the 30-day period it had for deciding a motion such as petitioner's. 28 U.S.C. § 2244(b)(3)(D). Order, dkt. #32.

Deciding whether petitioner has a viable claim *and* whether he is still free to raise that claim is not a simple matter, given the indeterminate state of the law at this time and the many hurdles imposed on persons who wish to pursue successive post conviction motions. One issue has been clarified since petitioner was authorized to proceed. The Supreme Court has held that the holding in Johnson is a substantive rule that applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016). However, it remains unclear whether the holding in Johnson applies to sentences increased under the career offender provisions of the sentencing guidelines, or whether it applies only to sentences

increased under the Armed Career Criminal Act. At least one circuit has held that the holding applies to both kinds of sentencings. United States v. Madrid, 805 F.3d 1204, 1210-11 (10th Cir. 2015). In the past, this circuit has not adopted that approach, although it is considering cases raising the issue: United States v. Gilliespie, No. 15-1686, and United States v. Hurlburt, No. 14-3611.

At present, United States v. Tichenor, 683 F.3d 358, 363-67 (7th Cir. 2012) (holding that guidelines are not susceptible to vagueness challenges), is the law in this circuit, except with respect to career offender sentences imposed while the guidelines were mandatory. E.g., Narvaez v. United States, 674 F.3d 621, 624 (7th Cir. 2011) (challenge to mandatory guidelines sentence raised on first motion for collateral relief). The government has waived reliance on Tichenor, Br., dkt. #2, at 4-5, citing Johnson and Peugh v. United States, 133 U.S. 2072, 2078 (2013) (holding that guidelines are subject to *ex post facto* challenges), but whether the court of appeals will reach the same conclusion remains to be seen.

For the purpose of this opinion only, I will assume that Tichenor is not a barrier to petitioner and that the court of appeals will hold that Johnson applies to career offender sentences and I will take up the other questions that petitioner's motion raises. The first of these is related to the general rule that a petitioner who fails to challenge his sentence on direct appeal is barred from challenging his sentence later unless he can show both that he had cause for not raising the issue at that time and that he would be prejudiced if he could not raise it at this time. Barker v. United States, 7 F.3d 629, 632 (1993) (holding that cause and prejudice could be satisfied by showing that petitioner had had ineffective counsel at

5

sentencing and on appeal, but Barker had not made that showing). See also Ashley v. United States, 266 F.3d 671, 675 (7th Cir. 2001) (unless defendant could justify his failure to challenge his sentence on direct appeal by demonstrating cause and prejudice, retroactivity of case on which he is depending is irrelevant); United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001) (that legal argument would have been unpersuasive to a given court does not constitute cause for failing to present argument).

Petitioner failed to take a direct appeal from his sentence and conviction, so he is required to show cause and prejudice for his failure. He argues that he has cause for his failure to challenge the constitutionality of the residual clause because such a claim was "so novel that its legal basis is not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). But this argument is rarely successful. Turner v. United States, 693 F.3d 756, 758 (7th Cir. 2012) (defendant's failure to challenge constitutionality of honest-services statute on his direct appeal not excused by claimed futility of such a claim; "'[t]hat the argument seems likely to fail is not "cause" for its omission.'") (quoting Ryan v. United States, 645 F.3d 913, 916 (7th Cir. 2011)). Smith, 241 F.3d at 548 ("the lack of precedent for a position differs from 'cause' for failing to make a legal argument. Indeed, even when the law is against a contention, the litigant must make the argument to preserve it for later consideration"). Petitioners were challenging the constitutionality of the residual clause long before Johnson was decided.

In this case, petitioner has not shown why a challenge to the residual clause would have been so novel his counsel could not have argued it. As the government has pointed out,

6

the Court of Appeals for the Seventh Circuit held long ago in United States v. Schnell, 982 F.2d 216, 220 (7th Cir. 1992), that "[d]ue process . . . prohibits criminal statutes from . . . defining crimes in vague or overbroad language . . . We see no reason to judge guidelines promulgated by the Sentencing Commission . . . by different standards." See also Ashley 266 F.3d at 675 (in case seeking retroactive relief from sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), petitioner was required to demonstrate cause for his failure to raise his challenge on direct appeal and resulting prejudice); Bousley v. United States, 523 U.S. 614, 623 (1998) ("As we clearly stated in Engle v. Isaac, 456 U.S. 107 (1982), futility cannot constitute cause if it means simply that the claim was unacceptable to that particular court at that particular time.")

In lieu of a truly novel claim, a showing of ineffective assistance of counsel will excuse procedural default on collateral review, as will a showing of actual innocence. However, petitioner has failed to show that his counsel was ineffective and he does not contend that he is actually innocent. Thus he has defaulted procedurally and his claim is barred.

Petitioner would be barred from proceeding on another ground as well. In his first § 2255 motion, he challenged the fact of his designation and sentencing as a career offender and he raised the same claim in a flock of other motions filed with this court. Having raised the claim once, he cannot raise it again, even by calling it a new claim. Brannigan v. United States, 249 F.3d 584, 587-88 (2001) ("claim" refers to "a challenge to a particular step in the case, such as the introduction of a particular piece of evidence, the text of a given jury instruction, or the performance of counsel; "new legal arguments about the same events do

not amount to a new claim").

Accordingly, I conclude that petitioner cannot go forward on his motion for post conviction relief, even if the Court of Appeals for the Seventh Circuit decides that Johnson's determination that the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague applies to the same clause in § 4B1.2(a)(2) of the sentencing guidelines. Petitioner is barred procedurally by his failure to raise his claim on a direct appeal and by having challenged his sentence on previous occasions.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). I believe that the conclusion I have reached is the correct one but I cannot say that reasonable jurists would not disagree.

ORDER

IT IS ORDERED that petitioner Romelle Ross's motion for post conviction relief,

8

dkt. #1, 16-cv-113, is DISMISSED as procedurally defaulted. A certificate of appealability will issue.

Entered this 6th day of May, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge